On Motion to Dismiss.
The opinion of the Court was delivered by
Bermudez, C. J.
The iilaintiff moves to dismiss this appeal because the transcript was not seasonably filed; because the lower court had no power to change and enlarge the original return day; because the extensions allowed in this Court were sought and obtained after the expiration of the original return day, and because the transcript is defective and incomplete.
From a judgment rendered against him, signed on June 28th, 1881, the defendant took an appeal on the 9th of July following, returnable to this Court on the first Monday of November following.
On the 23d of the last named month, the counsel of appellant procured in this Court a delay of thirty days, to bring up the transcript of appeal.
On the 22d of December, following, he provoked another order *103 ■enlarging the delay to tlie first Monday of January of the present year, when the transcript was actually filed.
It appears from the minutes of this Court, of which we take judicial notice, that four judicial days have elapsed between the expiration of the last day on which the transcript should have been filed here, under the order of the lower court, viz.: the 10th of November and the ■day on which an order was first obtained here, allowing thirty days for the filing of the transcript, viz.: the 23d of November.
The appellant claims that, notwithstanding this failure to observe the law, his appeal should not be disturbed, for the reason that it was impossible for him to have filed the transcript on the original return day, or within the three judicial days following it.
In justification, he says, that on the 5th of September, the District Judge had made an ex parte order, illegally dismissing his appeal, and directing the execution of the judgment; that, on discovering the fact, he took a rule to reinstate the appeal, which rule was made returnable on the 29th of October, when it was tried and submitted 5 that it is not until the 6th of November, that this rule was made absolute, and that the appeal previously granted, was made returnable to this Court on the first Monday of January of the present year.
The appellant was in fault, and he must bear the consequences.
Whatever has been the action of the District Court, it was the duty of the appellant to have procured the transcript required by law, if possible, and to have seasonably filed it in this Court; or, he should, at least before the expiration of the delajy within which he should have filed the transcript, have made a proper showing here, for an extension of time to bring tip the transcript. He has done neither.
That which he did in this Court on the 23d of November, he should and could have done between the 7th and 10th of the same month. He then would have been in time.
There is but one order of appeal in this case.
The jurisdiction of the Appellate Court attaches as soon as the order of appeal is made and its terms are complied with.
The lower court then has no longer authority to take any steps but such as may be necessary to transmit the record to the Supreme Court, by provisional and conservatory orders, to secure the ultimate execution of the appellate judgment. 6 N. S. 464 ; 4 L. 205; 7 L. 446 ; 9 L. 49; 10 L. 483 5 H. D. viii. (a) 3.
The Judge a quo cannot, by a second order, extend the return day originally and properly fixed by him. 7 L. 447.
The return day can only be prolonged by the Appellate Court, and never by the District Court, which if it could do it once, could do it again and indefinitely so, and thus defeat the rights of the appellees *104 and tlie jurisdiction of tlie Appellate Court. 10 L. 482; 11 L. 109 ; 12 L. 480; 10 R. 419; 11 A. 728.
The order made by the District Judge is the more inoperative, as it does not purport to grant an appeal, and was rendered after the expiration of the delay within which, under the original return day, the transcript should have been filed in this Court.
The extensions sought in this Court were granted the appellant at his risk and peril, and without prejudice to the rights of the appellee, a» all such orders necessarily must be and are. They entitle him, in this case, to no relief.
The appellant having failed to establish to this Court, within the proper time, the circumstances of an event not under his control, which prevented him from then invoking proper relief, the law and jurisprudence are clearly condemnatory and punitory of his dereliction. 10 L. 486; 8 N. S. 597; 4 L. 205 ; 7 L. 448; 3 A. 226 ; 5 A. 42; 9 A. 21, 65, 538; 11 A. 728; 21 A. 152; 22 A. 449 ; 23 A. 374; 29 A. 862.
This view of the case renders it unnecessary to consider the last ground urged for a dismissal touching the incompleteness of the transcript.
It is therefore ordered, that the appeal herein be dismissed, at appellant’s costs.
Justice Todd takes no part.